11-919-ag
Archila v. Holder

BIA
A070 188 150

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of May, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

FLORINDA EMILIA ARCHILA,
> *Petitioner,*

> v.                                      11-919-ag
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Erin I. O'Neal-Baker, Hartford, Connecticut.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Florinda Emilia Archila, a native and citizen of Guatemala, seeks review of a November 12, 2010 decision of the BIA denying an untimely motion to reopen proceedings, *In re Florinda Emilia Archila*, No. A070 188 150 (B.I.A. Nov. 12, 2010) ("November 2010 Decision"), and a February 25, 2011, decision of the BIA denying her motion to reconsider the November 2010 Decision, *In re Florinda Emilia Archila*, No. A070 188 150 (B.I.A. Feb. 25, 2011) ("February 2011 Decision"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Archila did not file a timely petition for review of the November 2010 Decision; accordingly, our review is limited to the February 2011 Decision denying Archila's motion to reconsider. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (*per curiam*). We review the denial of the motion to reconsider for abuse of discretion. *See id.; Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (*per curiam*). A motion to reconsider must "specify errors of law or fact in the previous order and . . . be supported by

2

pertinent authority." 8 U.S.C. § 1229a(c)(6); *see also* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

Although the BIA erred by requiring Archila to show a "reasonable likelihood of success on the merits" in order to reopen her removal proceedings rather than to make a *prima facie* showing of her eligibility for relief, *see Alrefae v. Chertoff*, 471 F.3d 353, 361 (2d Cir. 2006), we nevertheless decline to remand these proceedings to the BIA because we "can 'confidently predict' that the agency would reach the same decision absent the errors that were made," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir. 2005)). As the BIA noted, Archila failed to adequately specify the basis of her fear of persecution or assert more than a generalized claim, and therefore, failed to demonstrate her *prima facie* eligibility for relief.

Archila argues that the BIA failed to consider evidence proffered in support of her motion to reopen, but nothing in the record "compellingly suggests" any agency failure in this regard. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434

3

F.3d 144, 160 n.13 (2d Cir. 2006). Moreover, Archila's proffered evidence does not call into question the BIA's finding that she failed adequately to specify the basis of her fear or assert more than a generalized claim.

Because the remainder of Archila's motion to reconsider merely reasserted arguments rejected by the BIA in the November 2010 Decision, the BIA did not abuse its discretion in denying her motion to reconsider. *See Jin Ming Liu*, 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4